# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MILLER, JR., <br><br> Plaintiff, <br><br> v. <br><br> CDC, et al., <br><br> Defendants. | CASE NO. 1:08-cv-00594-OWW-SMS PC <br><br> ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED <br><br> (Doc. 1) |

Plaintiff Ernest Miller, Jr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 30, 2008.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

In this instance, Plaintiff's claim arises from his retention in prison beyond his release date. Plaintiff alleges that he is being held beyond his release date because of his mixed race and because prison officials do not like Christian prisoners. Plaintiff is seeking money damages and his release from custody.

"[A] . . . prisoner's [civil rights] action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ([government]

1 | conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); <u>Muhammad v. Close</u>, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); <u>Edwards v. Balisok</u>, 520 U.S. 641, 648 (1997).  Plaintiff's challenge to his continued confinement in prison may not be raised in a civil rights actions.  At this juncture, Plaintiff's remedy lies in habeas corpus.  <u>Wilkinson</u>, 544 U.S. at 74, 125 S.Ct. at 1245-48; <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Young v. Kenny</u>, 907 F.2d 874 (9th Cir. 1990), <u>cert. denied</u> 11 S.Ct. 1090 (1991).

Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   May 8, 2008**                                   /s/ Oliver W. Wanger
                                                          UNITED STATES DISTRICT JUDGE